IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT GADSEN a/k/a LEMAR GADSON, : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> RIVERSIDE CORRECTIONAL : <br> FACILITY, *et al.*, : <br>     Defendants. : | Case No. 2:25-cv-4794-JDW |

## MEMORANDUM

Lamont Gadsen asserts claims against the Riverside Correctional Facility ("RCF"), several RCF employees, the Philadelphia Department Of Prisons ("PDP"), and its Commissioner Michael Resnick. After screening his Amended Complaint and related filings, I will grant him leave to proceed *in forma* pauperis, deny his request to appoint counsel, and dismiss his Complaint partly with prejudice and partly without prejudice. I will give him leave to file a second amended complaint to try to cure the flaws with the claims that I dismiss without prejudice.

I.   **FACTUAL ALLEGATIONS**

On July 21, 2025, three unidentified inmates attacked Mr. Gadsen in his cell at RCF, but the Amended Compliant does not describe any details about the attack. He was treated at Jefferson Health for injuries that he suffered, including a broken tooth and lacerations to his lower lip that required stitches.

Following the assault, Mr. Gadsen asked his block officers, supervisors, and social workers for access to a telephone so that he could call his attorney. His request was denied for more than two weeks. In addition, when he sought to file a grievance following the assault, staff and supervisors told him that he was not permitted to do so. Mr. Gadsen also learned after the assault that his file includes instructions to keep him separated from unidentified individuals because of a previous incident and that this information is available on the staff computer. Mr. Gadsen suggests that the three inmates who assaulted him were on that list. Mr. Gadsen asserts a claim based on the failure to follow security and safety procedures. He seeks to pursue charges against the inmates who assaulted him.[1]

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint

---

[1] I cannot grant this relief in a § 1983 action. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) I assume Mr. Gadsen also seeks money damages.

2

contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

#### A. *In Forma Pauperis*

Mr. Gadsen has completed the required forms and attested under penalty of perjury that he cannot that he cannot prepay the costs of filing this case, so I will grant him leave to proceed *in forma pauperis*. He

#### B. Plausibility Of Claims

The vehicle to assert constitutional claims in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

1. **Claims Against RCF and the PDP**

A jail is not a "person" under Section 1983. *See Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). Similarly, the PDP is an agency of the City, not an entity in its own right. It therefore is not subject to suit under Section 1983. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010). Therefore, Mr. Gadsen's claims against RCF and the PDP are not plausible, and I will dismiss them with prejudice because he cannot allege facts to salvage them.

2. **Right to access to counsel**

"Under the Sixth Amendment, a pretrial detainee has a right to utilize counsel to defend against a criminal case that the state has brought against him." *Prater v. City of Philadelphia*, No. 11-1618, 2015 WL 3456659, at *4 (E.D. Pa. June 1, 2015) (citing *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001)). With respect to restrictions on attorney contact with clients, "[t]he Supreme Court [has] held that 'inmates must have a reasonable opportunity to seek and receive the assistance of attorneys' and that [prison] '[r]egulations and practices that unjustifiably obstruct the availability of professional representation . . . are invalid.'" *Id.* at 184 (fourth alteration in original) (quoting *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)). Thus, where an institutional restriction impedes a pretrial detainee's access to criminal counsel, "'the practice must be evaluated in the light of the central

4

objective of prison administration, safeguarding institutional security.'" *Id.* at 187 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

A prison regulation restricting a pretrial detainee's contact with his attorney will be unconstitutional where it "'unreasonably burden[s] the inmate's opportunity to consult with his attorney and to prepare his defense.'" *Id.* (quoting *Wolfish v. Levi*, 573 F.2d 118, 133 (2d Cir. 1978)). "[A] plaintiff may maintain a Sixth Amendment cause of action under § 1983 without 'alleging or proving prejudice to his defense at trial.'" *Prater*, 2015 WL 3456659, at *5 (quoting *Via v. Cliff*, 470 F.2d 271, 275 (3d Cir. 1972)).

Mr. Gadsen does not allege why prison authorities did not permit him to contact his attorney. He also does not identify which of the individual Defendants, if any, denied him permission to telephone his attorney. Other than listing the individuals as Defendants, he does not offer any allegations describing any actions that any Defendant took and whether or how they were personally involved in any alleged violation of Mr. Gadsen's rights. I will therefore dismiss Mr. Gadsen's Sixth Amendment claims against the named Defendants without prejudice and give him an opportunity to file a second amended complaint to include additional detail, if he can. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).

### 2.     Failure to protect

Prison officials have a duty "'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v.*

*Brennan*, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. To state a plausible failure to protect claim, a prisoner must allege that (a) the conditions in which he was incarcerated posed a substantial risk of serious harm; (b) prison officials acted with deliberate indifference to that substantial risk of serious harm; and (c) the officials' deliberate indifference caused harm. *See Farmer*, 511 U.S. at 834. Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). A prisoner must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id.* at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id.* at 125.

Construing Mr. Gadsen's allegations liberally, I understand him to be asserting that there was information available to correctional officers who had access to the staff computer that should have put them on notice that he should not have been in the same space as the inmates who assaulted him, and the correctional officers should have acted to ensure that this did not happen. These allegations fall short of alleging deliberate indifference because rather than stating that officers *did* know that Mr. Gadsen should not have been in the same space as the inmates who assaulted him, he states that the information was available, implying that they *should* have known. This is not sufficient, and, therefore, this claim is not plausible. *Beers-Capitol*, 256 F.3d at 125. More importantly,

6

Mr. Gadsen does not identify which, if any, of the Defendants were aware of the threat of danger to him and ignored that threat, and therefore, fails to advise the Defendants of the basis for the claims against them. Therefore, I will dismiss this claim with leave to file an amended pleading that includes more factual detail.

### 3. Unavailability of grievance process

Prisoners do not have a constitutional right to prison grievance procedures. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001). Thus, allegations predicated on failures of the grievance process or improper handling of or response to grievances do not give rise to a constitutional claim. *See, e.g., Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*). This principle also applies to restrictions on availability of the grievance process. *See osado v. Virgil*, No. 09-156, 2011 WL 4527067, at *9 (W.D. Pa. Sept. 28, 2011). It also applies to pretrial detainees. *See Johnakin v. Berks Cnty. Jail Sys.*, No. 19-3839, at *3 (E.D. Pa. Sept. 25, 2019) I will therefore dismiss Mr. Gadsen's claims arising out of any alleged denial of access with prejudice.

### 4. Failure to follow security and safety procedures

"As many courts have held, corrections officials cannot be held liable for failing to conform to procedures outlined in inmate handbooks and other internal prison procedures." *Bowman v. Wetzel*, No. 20-135, 2020 WL 3258946, at *6 (W.D. Pa. June 16, 2020) (citing cases). Therefore, to the extent that Mr. Gadsen asserts claims based on

7

prison officials' failure to comply with their internal procedures, the claim cannot succeed. I will therefore dismiss it with prejudice.

### C. Appointment Of Counsel

Mr. Gadsen's request for appointment of counsel is premature at this stage of the litigation because I am dismissing his claims. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). I will therefore deny the Motion without prejudice to Mr. Gadsen's right to file a renewed motion for appointment of counsel in the future in accordance with the factors that the Third Circuit set forth in *Tabron*.

## IV. CONCLUSION

I will grant Mr. Gadsen leave to proceed *in forma pauperis* and will dismiss with prejudice his claims against RCF and the PDP, his claims based on violations of prison policies and procedures, and his claims based on unavailability of the grievance process. I will dismiss the rest of his claims without prejudice and will give him leave to file a second amended complaint to try to add factual detail to make those claims plausible. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

December 1, 2025