IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMONT GADSEN a/k/a LEMAR GADSON,** : <br>     **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **RIVERSIDE CORRECTIONAL** : <br> **FACILITY,** *et al.*, : <br>     **Defendants.** : | Case No. 2:25-cv-4794-JDW |

## ORDER

AND NOW, this 1st day of December, 2025, upon consideration of Plaintiff Lamont Gadsen's Motion to Proceed *In Forma Pauperis* (ECF No. 6) and his Prisoner Trust Fund Account Statement (ECF No. 9), it is **ORDERED** that the Motion is **GRANTED**. Lamont Gadsen, #989376, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Warden of Riverside Correctional Facility or other appropriate official shall assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Gadsen's inmate account; or (b) the average monthly balance in Mr. Gadsen's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Gadsen's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the

preceding month's income credited to Mr. Gadsen's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

The Clerk Of Court shall send a copy of this order to the Warden of Riverside Correctional Facility.

It is **FURTHER ORDERED** that the Amended Complaint is **DEEMED** filed, and fir the reasons stated in the accompanying Memrorandum the following claims are **DISMISSED WITH PREJUDICE**: all claims against Riverside Correctional Facility and the Philadelphia Department of Prisons; all claims based on violations of prison policies and procedures; and all claims based on unavailability of the grievance process. The remainder of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

The Clerk of Court shall **TERMINATE** Riverside Correctional Facility and the Philadelphia Department of Prisons as Defendants.

It is **FURTHER ORDERED** that Mr. Gadsen may file a second amended complaint on or before January 9, 2026. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Mr. Gadsen's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed

in this case to state a claim. When drafting his second amended complaint, Mr. Gadsen should be mindful of my reasons for dismissing the claims in his Amended Complaint, as explained in the accompanying Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until I so order.

The Clerk of Court shall send Mr. Gadsen a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the civil action number for this case. Mr. Gadsen may use this form to file his second amended complaint if he chooses to do so. If Mr. Gadsen does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court on or before January 9, 2026, stating that intent, at which time I will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.

If Mr. Gadsen fails to file any response to this Order, I will conclude that he intends to stand on his Amended Complaint and will issue a final order dismissing this case.

It is **FURTHER ORDERED** that Mr. Gadsen's Motion to Appoint Counsel (ECF No. 7) is **DENIED WITHOUT PREJUDICE**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**